**Jeffrey WILLIAMS, Plaintiff—Appellant,**

v.

**Derral G. ADAMS, Defendant—Appellee.**

No. 04–16798.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 5, 2005.

Jeffrey Williams, Lancaster, CA, pro se.

Kelli Marie Hammond, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Jeffrey Williams appeals pro se the district court's summary judgment in favor of defendant in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations. We have

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

■ The district court properly granted summary judgment to defendant because a temporary denial of outdoor exercise during an emergency lockdown period does not rise to the level of a constitutional violation. *See Hayward v. Procunier,* 629 F.2d 599, 603 (9th Cir.1980) (five month lockdown and deprivation of outdoor exercise in response to genuine emergency did not violate the Eighth Amendment).

■ The district court properly granted summary judgment on Williams' claim that defendant's decision to frost his cell window denied him natural sunlight and constituted an Eighth Amendment violation. *Cf. Hoptowit v. Spellman,* 753 F.2d 779, 783 (9th Cir.1985) (inadequate lighting causing eye strain and fatigue violated Eighth Amendment).

Williams' contention that the district court applied the wrong standard of review is without merit.

AFFIRMED.